| | | |
|---|---|---|
| UNITED STATES OF AMERICA, for the benefit of HVAC, Inc. | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | |
| | ) | **ORDER** |
| | ) | |
| MSK CONSTRUCTION, INC. and UNITED FIRE AND CASUALTY, | ) ) ) | |
| Defendants. | ) ) ) | |

This matter is before the Court on a Motion to Dismiss or, In the Alternative, Motion to Stay Pursuant to the Federal Arbitration Act, filed by MSK Construction, Inc. and United Fire and Casualty. (Doc. No. 13).

This matter primarily represents a contractual construction dispute between a general contractor and subcontractor, Defendant MSK Construction, Inc. ("MSK") and Plaintiff, United States of America, for the benefit of HVAC, Inc. United Fire and Casualty, the third-party surety, is also named as a Defendant. Plaintiff filed this action on January 23, 2019, alleging breach of contract by MSK and a Miller Act Claim.

On April 1, 2019, Defendants filed the pending motion to dismiss or, in the alternative, motion to stay pursuant to the Federal Arbitration Act. Defendants contend that a Subcontract Agreement between HVAC and MSK contains mandatory mediation and arbitration provisions, stating that the parties must participate in arbitration under the Federal Arbitration Act.

In its response brief, HVAC concedes that the Subcontract Agreement includes

enforceable mediation and arbitration provisions pursuant to the FAA.  Indeed, the Court finds

that a plain reading of the arbitration clause at issue indicates that the FAA mandates a stay of

these proceedings pending arbitration.  MSK and HVAC must arbitrate their dispute pursuant to

the provisions of their Subcontract Agreement.  Any claims against the third-party surety United

Fire and Casualty ("United Fire") are hereby stayed pending arbitration of the underlying

construction dispute between MSK and HVAC.

As to Plaintiff's request for the Court to supervise pre-arbitration discovery, federal court

discovery contradicts the underlying nature and purpose of arbitration provision at issue, as such

discovery would likely result in increased discovery costs and prolonged proceedings.  The FAA

specifically authorizes arbitrators to oversee discovery with limited court involvement when

necessary.  Given the power vested in arbitrators to oversee discovery, there is no need for direct

discovery oversight by this Court.

For the reasons stated herein, **IT IS THEREFORE ORDERED** that the Motion to

Dismiss or, In the Alternative, Motion to Stay Pursuant to the Federal Arbitration Act, filed by

MSK Construction, Inc. and United Fire and Casualty, (Doc. No. 13), is **GRANTED** to the

extent that this matter shall be stayed pending arbitration proceedings.

Signed: May 28, 2019

Max O. Cogburn Jr.
United States District Judge